# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANSEN SUGGS, | |
| Plaintiff, | Civil Action No. 07 - 170J |
| v. | Judge Kim R. Gibson / Magistrate Judge Lisa Pupo Lenihan |
| DEPARTMENT OF CORRECTIONS; GERALD L. ROZUM, *Superintendent;* ALLEN G. JOSEPH, *Program Review Committee;* DANIEL J. GEHLMANN, *Program Review Committee;* SYLVIA GIBSON, *Program Review Committee;* ELEANOR WEAVER, *Hearing Examiner;* SGT. BAKOS, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. no. 21) be granted.

**II.    REPORT**

Plaintiff, Hansen Suggs, commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983) against various employees and officers of the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution at Somerset, Pennsylvania. In his Complaint, Plaintiff alleges that Defendants violated his rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution as a result of various misconducts issued against Plaintiff on April 23, 2007. For the reasons that follow, Defendants' Motion to Dismiss should be granted because Plaintiff has failed to allege any violation

1

of his constitutional rights.

  A.  <u>Standard of Review - Motion to Dismiss Under Rule 12(b)(6)</u>

  Defendants have filed a motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(6)(6) (doc. no. 21). As the United States Supreme Court recently held in <u>Bell Atlantic Corp. v.Twombly</u>, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. <u>Angelastro v. Prudential-Bache Securities, Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See* <u>California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004) (citing <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1965 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1965. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." ' <u>Coronado v. Goord</u>, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987)).

  Recently, the Court of Appeals for the Third Circuit opined as to the impact of the

2

Twombly decision on the pleading standard for purposes of a Rule 12(b)(6) motion:

> In light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice, but also the "grounds" on which the claim rests.

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 127 S.Ct. at 1965 n. 3).[1] Thus, the Court of Appeals concluded that after Twombly, it is no longer sufficient to merely allege the elements of a cause of action; rather, Twombly requires that the complaint "'allege facts suggestive of [the proscribed] conduct.'" *Id.* at 233 (citing Twombly, 127 S.Ct. at 1969 n. 8).

Courts consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In addition, factual allegations within documents described or identified in the complaint may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). A district court may consider these documents, as well as indisputably authentic documents, without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

1. Rule 8 requires, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed.R.Civ.P. 8(a)(2). This statement must provide the defendant with fair notice of the plaintiff's claim and the grounds upon which it is predicated. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id*. at 512 (citations omitted).

B. Plaintiff's Allegations

Plaintiff challenges a misconduct he received for unauthorized use of a telephone and presence in an unauthorized area. Specifically, he claims that on April 23, 2007 at approximately 3:27 P.M., he was talking on a telephone when Correctional Officer Blough came over to him and gestured with his hands that Plaintiff had two (2) minutes remaining to talk on the phone. Plaintiff asserts that at 3:29 P.M. he hung up the phone, went to his cell, and locked himself inside. At 8:00 P.M. that same day, Plaintiff received a copy of a misconduct by Correctional Officer Dietz charging him with the following: #35 - Refusing to Obey an Order; #40 - Unauthorized Use of the Mail or Telephone; and #43 - Presence in an Unauthorized Area. On April 25, 2007, Plaintiff was found guilty of charges 40 and 43; charge 35 was dismissed. He received the loss of telephone and dayroom privileges for twenty (20) days as sanction for his misconducts.

**C. Liability under 42 U.S.C. § 1983**

Plaintiff seeks to assert liability against Defendants pursuant to the Civil Rights Act, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

    1.    Eighth Amendment

Plaintiff contends that Defendants' actions constituted cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment's prohibition against cruel and

4

unusual punishment guarantees that prison officials must provide humane conditions of confinement. Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Supreme Court has explained that the first showing requires the court objectively to determine whether the deprivation of the basic human need was "sufficiently serious."

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."

Hudson v. McMillan, 503 U.S. 1, 9 (1992) (citations omitted).

Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer, 511 U.S. at 833; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347. The second prong requires a court subjectively to determine whether the officials acted with a sufficiently culpable state of mind. *Id*. "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Farmer, 511 U.S. at 834 (quotation omitted).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official

5

> knows of and disregards an excessive risk to inmate health or safety; the
> official must both be aware of facts from which the inference could be drawn
> that a substantial risk of serious harm exists, and he must also draw the
> inference. . . . The Eighth Amendment does not outlaw cruel and unusual
> "conditions"; it outlaws cruel and unusual "punishments."

Farmer, 511 U.S. at 838. Furthermore, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id*., 511 U.S. at 845. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

Plaintiff fails to allege any facts to demonstrate that the loss of telephone or day privileges deprived him of any basic human need such as food, clothing, shelter, sanitation, medical care or personal safety. To this end, confinement to a restricted housing unit, which necessarily deprives an inmate of general telephone and general population privileges, does not implicate the Cruel and Unusual Punishment Clause of the Eighth Amendment unless the conditions themselves are cruel and unusual. Hutto v. Finney, 437 U.S. 678, 686 (1978); Spaight v. Coughlin, 104 F.3d 350 (Table), 1996 WL 518507 (2d Cir. 1996), *cert. denied*, 117 S.Ct. 972 (1997); Young v. Quinlan, 960 F.2d 351, 363 (3d Cir. 1992); Sheley v. Dugger, 833 F.2d 1420, 1428-29 (11th Cir. 1987); Gibson v. Lynch, 652 F.2d 348, 352 (3d Cir. 1981) ("administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment") (citing Hutto), *cert. denied*, 462 U.S. 1137 (1983).

The Constitution does not mandate comfortable prisons. Rhodes, 452 U.S. at 349. Prisons housing "persons convicted of serious crimes cannot be free of discomfort." *Id*. The Plaintiff's allegations do not demonstrate inhumane treatment or the substantial risk of serious harm.

6

The Plaintiff's allegations do not state that he was deprived of "the minimal civilized measure of life's necessities." Accordingly, Plaintiff fails to allege any facts to demonstrate a violation of the Eighth Amendment with respect to the conditions at the RHU. *Accord* Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 175-176, 2007 WL 1031279, (3rd Cir. 2007) (Court of Appeals for the Third Circuit affirming District Court's ruling that an inmate's loss of telephone privileges for two years did not amount to excessive punishment under the Eighth Amendment as it was not the kind of extreme deprivation or prison condition prohibited under the Eighth Amendment); Griffin v. Vaughn, 112 F.3d. 703 (3d Cir. 1997) (holding that the restrictive conditions in administrative custody in the Pennsylvania state correctional institutions, in and of themselves, do not violate the Eighth Amendment). Thus, Plaintiff's allegations do not state a violation of his constitutional rights as protected by the Eighth Amendment.

2. Fourteenth Amendment

Plaintiff also asserts a due process claim concerning his misconduct and his resultant sanction. In this regard, the Due Process Clause of the Fourteenth Amendment does not protect every change in the conditions of confinement having a substantial adverse impact on a prisoner. Meachum v. Fano, 427 U.S. 215, 224 (1976). The Due Process Clause shields from arbitrary or capricious deprivation only those facets of a convicted criminal's existence that qualify as "liberty interests." Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972).

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court pronounced a new standard for determining whether prison conditions deprive a prisoner of a liberty interest that is protected by due process guarantees. Specifically, the Supreme Court held that prison conditions do not impact a protectable liberty interest unless they result in an "atypical and significant hardship

7

on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483 (emphasis added). Applying this test, the Supreme Court concluded that the prisoner in Sandin did not have a protected liberty interest in remaining free of disciplinary detention or segregation because his thirty-day disciplinary detention, though punitive, did not present a dramatic departure from the basic conditions of his sentence. In making this determination, the Supreme Court looked at two basic factors: 1) the amount of time the prisoner was placed into disciplinary segregation; and 2) whether the conditions of his confinement in disciplinary segregation were significantly more restrictive. After reviewing these two factors, the Court concluded that thirty days in disciplinary detention, which was similar in many respects to administrative custody, did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.

First, it must be noted that a prisoner does not have a constitutional right to be free from being falsely or wrongly accused of conduct that may result in the deprivation of a protected liberty interest. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988). In other words, the mere filing of false charges against an inmate does not constitute a *per se* constitutional violation. *Id*. Before the Supreme Court handed down its opinion in Sandin, the federal courts had determined that the filing of unfounded administrative charges against an inmate may result in a procedural due process violation only when such charges were not subsequently reviewed in a hearing. *Id*. at 952 (an allegation that a prison guard planted false evidence fails to state a claim where the procedural due process protections as required in Wolff v. McDonnell are provided) (citation omitted). Thus, even if false charges impaired a protected liberty interest, as long as prison officials granted the inmate a hearing and an opportunity to be heard, the filing of unfounded charges did not give rise to a procedural due process violation actionable under section

8

1983.  *Accord* Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002); Jones v. Coughlin, 45 F.3d 677 (2d Cir. 1995); Franco v. Kelly, 854 F.2d 584, 587 (2d Cir. 1988); McClean v. Seclor, 876 F. Supp. 695 (E.D. Pa. 1995).

In light of the Supreme Court's ruling in Sandin, however, Plaintiff has not even demonstrated that he had a constitutionally protected liberty interest that was offended by Defendants' actions in allegedly issuing a false report.  Specifically, in deciding whether a protected liberty interest exists under Sandin, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions.  Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003) (citing Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000)).  In this case, as a result of the misconduct, Plaintiff merely received a loss of telephone and dayroom privileges for twenty days.  Recently, the Court of Appeals for the Third Circuit held that an inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone privileges did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under Sandin.  *See* Young v. Beard, 227 Fed. Appx. 138, 2007 WL 824172 (3d Cir. 2007).  Thus, it is unlikely that the filing of false charges, even in the absence of a hearing, would state a constitutional claim on the facts before this Court.  *See* Strong v. Ford, 108 F.3d 1386 (Unpublished Opinion), 1997 WL 120757 (9th Cir. 1997) (the alleged making of a false charge, however reprehensible or violative of state law or regulation, does not constitute deprivation of a federal right protected by 42 U.S.C. § 1983 when it does not result in the imposition of an atypical hardship on the inmate in relation to the ordinary incidents of prison life).

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that Defendants'

Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. no. 21) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and ©), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated  August 18, 2008        /s/ Lisa Pupo Lenihan
                 LISA PUPO LENIHAN
                 U.S. Magistrate Judge

cc: HANSEN SUGGS
   GT-1097
   SCI Somerset
   1600 Walters Mill Road
   Somerset, PA 15510